<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDER PEREZ,<br><br>    Petitioner,<br><br>  v.<br><br>FCI FORT DIX (WARDEN),<br><br>    Respondent. | Civil Action No. 24-11518 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Wander Perez pursuant to 28 U.S.C. § 2241. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I. <u>**BACKGROUND**</u>

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 2.) Currently, Petitioner has been rendered eligible to earn credits under the First Step Act, and has accrued a number of credits pursuant to the Act. (*Id.* at 3-4.) Because he is apparently not a United States citizen and has a drug conviction which may well render him removable, Petitioner fears that, in the coming months, the BOP and immigration officials may

seek to acquire a final order of removal against him and thereby strip him of the ability to apply his FSA credits. (*Id.*) Petitioner therefore seeks a "protective" order prohibiting the BOP or immigration officials from securing a removal order and depriving Petitioner of his FSA credits. (*Id.* at 11.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his current petition, Petitioner seeks to enjoin the BOP from preventing him from applying his earned FSA credits in the event that the BOP or immigration officials seek and obtain a final order of removal against him. Petitioner's request appears to arise from his belief that he has earned his credits, and that there should be no way to deprive him of those credits merely because of a change in his immigration status. The inherent flaw in Petitioner's position, however,

is that the very credits he seeks to protect – those granted by the First Step Act – are inherently contingent on Petitioner not receiving a final order of removal. While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Thus, if Petitioner does receive a final order of removal, the BOP has no choice but to deprive him of the ability to apply his First Step Act credits, and this Court has no authority to enjoin the operation of the statute. Any Due Process rights Petitioner may have in relation to his FSA credits are entirely contingent on the lack of a final removal order, and he has no right to retain the ability to apply those credits should he receive a final order of removal. This Court thus cannot enjoin the BOP from following the dictates of the very statute that provides Petitioner with the benefits he seeks to protect. Therefore, Petitioner's habeas petition must be dismissed.

Even were this not the case, this Court would still be required to dismiss this petition because Petitioner's current fear is entirely speculative at this point and he has yet to suffer a concrete injury. As Petitioner readily admits, he is currently accruing and can apply credits towards his early supervised release, and his current petition is based only on his fear that this may change if the Government pursues removal proceedings against him before his release. In order to have standing in a habeas matter such as this, a Petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Petitioner does not have an

3

actual or imminent injury; he merely speculates that one will come in the event that the Government initiates and pursues removal proceedings against him. As that assertion rests at this time solely on Petitioner's fears and speculations, he has not alleged a concrete, imminent injury in fact. His habeas petition for that reason must also be dismissed as premature.

Finally, the Court notes that Petitioner admits he did not seek any administrative relief before filing his current habeas petition. (*See* ECF No. 1 at 4-9.) Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner understandably did not seek to exhaust before filing his habeas petition because he has yet to suffer an actual or imminent injury. As Petitioner has not shown any basis to avoid the exhaustion requirement other than the speculative nature of his current claims, this Court could not grant him relief in any event. Petitioner's habeas petition will therefore be dismissed as it is premature, unexhausted, and without merit.

IV.     **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                              Hon. Karen M. Williams,
                                              United States District Judge